**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FARHANG OSHIDARY,

               Petitioner - Appellant,

    v.

GRACE PURPURA-ANDRIOLA, Trustee
FBO Grace Purpura-Andriola Living
Trust; OLGA MICHEL BASIL,

          Respondents - Appellees.

No. 12-16547

D.C. No. 3:12-cv-02092-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted March 10, 2014[**]

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

    Farhang Oshidary appeals pro se from the district court's judgment denying

his petition to vacate an arbitration award in a securities action against him alleging

breach of fiduciary duty and other claims. We have jurisdiction under 28 U.S.C.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo, *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007), and we affirm.

The district court properly denied Oshidary's petition because Oshidary failed to establish any of the limited grounds on which to vacate an arbitration award under section 10 of the Federal Arbitration Act, or to demonstrate that the arbitral decision was in manifest disregard of the law. *See id.* (setting forth narrow grounds on which a district court may vacate an arbitration award, such as fraud in the procurement of the award, bias or corruption on the part of the arbitrator, misconduct in refusing to hear evidence, abuse of power, and manifest disregard of the law, and explaining that "mere allegations of error are insufficient" (citation and internal quotation marks omitted)); *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010) (party seeking to vacate an arbitral award "must clear a high hurdle," which is not satisfied even by a showing that the arbitrator committed "a serious error").

Moreover, Oshidary failed to show that the failure of the Arbitral Panel's Chair to disclose an alleged conflict from twenty years ago involving a lawsuit unrelated to the subject matter of the arbitration violated California law. *See* Cal. Civ. Proc. Code § 1281.9(a) (requiring arbitrators to "disclose all matters that could cause a person aware of the facts to reasonably entertain a doubt that the

proposed neutral arbitrator would be able to be impartial"); *Haworth v. Superior Court*, 235 P.3d 152, 163-64 (Cal. 2010) (reversing the appellate court's decision to vacate an arbitration award for violation of § 1281.9 because the alleged conflict that the arbitrator failed to disclose was both remote in time and unrelated to the subject matter of the dispute under arbitration).

Oshidary's motion for judicial notice, filed on September 20, 2013, is denied. *See* Fed. R. Evid. 201(b).

**AFFIRMED.**